[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15149
Non-Argument Calendar

_____

Agency No. A029-925-608

CESAR EDUVIGES HERNANDEZ-MONZON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 22, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Cesar Eduviges Hernandez-Monzon petitions for review of the Board of

Immigration Appeals' decision affirming the immigration judge's order denying his application for asylum and withholding of removal under the Immigration and Nationality Act, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). The BIA and the IJ found that Hernandez-Monzon abandoned his application when he left the United States without advance parole after filing his application.

The government contends that we should dismiss Hernandez-Monzon's appeal because he has failed to adequately brief the relevant factual or legal issues. Admittedly, Hernandez-Monzon's brief gives us very little to work with. The entirety of his argument that the IJ and BIA erred in finding his application abandoned is that "Petitioner's application was never abandoned and counsel argued this matter effectively." We might be inclined to treat such a conclusory argument as abandonment, see Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005), but we decline to do so here because the merits of the issue are so clear. We turn to the merits now.

Applicants for asylum are presumed to have abandoned their claims if they leave the United States "without first obtaining advance parole." 8 C.F.R. § 1208.8(a). After Hernandez-Mozon applied for asylum in 1993, he left the United States on at least two occasions. In 1994, he traveled to Mexico, and may also have traveled to his home country of Guatemala. In 2001, he again traveled to

2

Mexico. There is no evidence in the record that he obtained advance parole before leaving the United States on either occasion. The BIA properly determined that by leaving the United States after filing his application for asylum, Hernandez-Mozon abandoned his asylum claim.

**PETITION DENIED.**